## CARROLL v. FIRST STATE BANK OF DENISON et al.

(Court of Civil Appeals of Texas. Texarkana. Oct. 31, 1913. Rehearing Denied Nov. 20, 1913.)

1. ESTOPPEL (§ 55*)—ELEMENTS—NECESSITY OF RELIANCE ON STATEMENT.

Where an attachment creditor did not change its position to its detriment in any way in consequence of the attachment debtor's statement that property was not his, but took such property under the attachment, the debtor was not estopped by his statement, and could bring suit for the wrongful attachment of such property, since a statement not influencing the act or operating to the injury of another should not be enforced further than is requisite to protection from injury.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 136–141; Dec. Dig. § 55.*]

2. GIFTS (§ 34*)—SALES (§ 476*)—FAILURE TO PERFORM CONDITIONS.

Where an owner of mules told his son that he could have them upon condition that he pay off a mortgage thereon, but there was no delivery, the father retained possession, and the son never undertook to perform the condition, nor claimed the mules, he was not the owner thereof by purchase or gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 68–71; Dec. Dig. § 34;* Sales, Cent. Dig. §§ 1407–1410; Dec. Dig. § 476.*]

3. ATTACHMENT (§ 379*)—WRONGFUL ATTACHMENT—ACTIONS—QUESTION FOR JURY.

In an action for wrongful attachment of a team of mules, evidence that plaintiff had stated that the mules were not his did not justify the submission of the question of ownership to the jury, where he explained the statement by testifying that he offered to give the mules to his son if he would pay off a mortgage thereon, which the son did not do, and that therefore he did not know "how the law regarded it," and there was evidence that there was no delivery of the mules by him, and that the son never claimed them; it appearing that his statements were founded on an erroneous conclusion by him as to the law.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1376, 1377; Dec. Dig. § 379.*]

Appeal from County Court, Grayson County; J. Q. Adamson, Judge.

Action by J. R. Carroll against the First State Bank of Denison and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

See, also, 148 S. W. 818.

J. H. Randell, of Denison, and Sam H. Smelser, of Texarkana, for appellant. N. H. L. Decker and Wolfe, Wood & Haven, all of Denison, for appellees.

LEVY, J. A writ of attachment was sued out and caused to be levied by the appellee bank upon two mules and a wagon as the property of the appellant. Appellant replevied the property after the levy of the attachment writ. This suit was by appellant to recover damages for the alleged wrongful suing out and levying of the writ of attachment upon the two mules, as being within the exemption laws of the state. The appellees pleaded, besides general denial, that the two mules attached were the property of appellant's son at the time of the levy of the writ. The charge of the court authorized a verdict for appellee upon the finding by the jury that the mules in suit were the property of the appellant's son. This charge is complained of in the fifth assignment of error as submitting an issue not warranted by the evidence. The question of the ownership of the mules by the minor son of appellant, and not the appellant himself, is referred entirely in the record to the statements made by appellant in regard thereto. The appellant made the following statements: "Constable W. H. Hughes approached me, and asked me if those were my mules. I said, 'Yes.' He said that he had an attachment for the two mules. The mules were then standing on the street, hitched to a wagonload of wood. I then told him that the mules did not belong to me." The constable testifies to the same thing. The constable's return on the writ shows a levy on the mules as the property of appellant, and the mules were held under the attachment until replevied by appellant. The attorney for the bank testifies: "J. R. Carroll [appellant] told me in my office soon after the levy that the mules did not belong to him; that they belonged to his son." But, as explanatory of the statement made, appellant testifies that he based the statement on the following facts: "I had mortgaged the mules to the bank at Colbert, Okl., and given them my note for $350. Before the mules were attached, I told my son, who was then a minor living with me, that, if he would stay at home, and work, and make the money, and pay off the $350 note and mortgage to the Colbert bank, that he could have them. But we had two bad crop years, and the boy had not paid anything on the notes at the time of the levy, and he has paid nothing at any time on it. So I did not know how the law regarded it; but those were the facts of the case. We have never been able to pay anything on the note and mortgage to the Colbert bank, and so I had to let the bank have the mules in payment of the mortgage and note. As the boy never paid anything on them, I consider that he never owned the mules, and he never claimed them."

[1-2] As it clearly appears that the bank had taken the mules under attachment as the property of the appellant, and was not in-

duced to change its position to its detriment in any way in the seizure under the writ in consequence of the statement or remark of appellant to the constable and the bank's attorney that the mules did not belong to him, but to his son, such remark should not, we think, be held to have the legal force and effect of a conclusive admission in the nature of an estoppel against appellant that he was not the owner of the mules. A statement not influencing the act or operating to the injury of another should not be enforced further than is requisite to protection from injury. Therefore such question is aside, and the force and effect of the statement or remark of appellant that the mules belonged to his son, as being sufficient evidence on which to rest a finding that the appellant was not the owner of the mules, properly must be determined in the light of the facts prompting appellant in making said statement or remark. The facts on which the statement was founded merely show that the appellant offered to let his son have the mules upon the condition that he pay off the mortgage and indebtedness against them; but the son never performed or undertook to perform the condition, and there was no delivery, and the appellant continued possession, and claimed the ownership, and the son never claimed the mules. It is not sufficient evidence to establish ownership by purchase or gift.

[3] And so, when the statement or remark made by appellant is considered in the light of the facts on which appellant insists that he based the statement or conclusion that the mules belonged to his son, there would appear no more than a mistake of law on the part of appellant that his son had any legal interest in the mules at the time of levy or suit. He said, as a reason for the statement: "So I did not know how the law regarded it; but those were the facts of the case." So, if the said statement or remark is apparently an inconsistent statement of his ownership when considered with appellant's other statement at the time to the officer that the mules were his, and his continued insistence that they were his, nevertheless the said statement or remark as to his son's interest in the mules could not properly be given the force and effect that the mules belonged to the son in the face of the legal effect of the facts concerning any claim his son might have in the mules. Therefore, as the evidence relied on for ownership by the son is presented, the sole question of legal effect to be given all such evidence is presented, and this was for the court, and not the jury, to determine. If appellant did make the remark or statement to the constable, as he admits, that his son owned the mules, and this remark was, as it appears, founded on an erroneous conclusion by him of the law arising on the facts, appellant would not be precluded thereby of his legal rights in the mules. And if the force and effect of the statement or remark was but a misapprehension of legal rights, as it appears, then it could not properly be said that the statement or remark, construed in the light of the facts, was legally sufficient to show ownership of the mules in the son, or as presenting conflicting evidence in respect to the appellant's ownership of the mules. In this situation the evidence did not warrant the issue as submitted by the court.

The error complained of was injurious to appellant's rights, according to this record. The judgment is therefore reversed, and the cause remanded.